FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2017 FEB -6 PM 4: 37

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOHN OYER,

     Plaintiff,

v.

THE LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK,

     Defendant.

_____/

Case No.:

6: 17 -CV-204-ORL-41-GJK

## COMPLAINT FOR DISABILITY BENEFITS

     Plaintiff, John Oyer, by and through undersigned counsel hereby files his Complaint against Defendant, The Lincoln National Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

     1.     Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

     2.     Plaintiff, John Oyer ("Mr. Oyer"), is a citizen of the United States and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, The Lincoln National Life Insurance Company (hereinafter "Lincoln" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Middle District of Florida.

### III. FACTS

3.      At all times material to this action there was in full force and effect a group long-term disability policy for long-term disability benefits, constituting a binding contract of insurance between the parties.

4.      At all times material to this action, Lincoln operated under an inherent structural conflict of interest because of Lincoln's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5.      Mr. Oyer was employed with Developmental Disabilities Institute as a Building Maintenance Repairer. By virtue of his employment at Development Disabilities Institute, Mr. Oyer was an eligible participant of the long-term disability policy at all times material to this action.

6.      The purpose of the long-term disability policy was to provide Mr. Oyer a monthly benefit in the event that he became disabled.

7.      The long-term disability policy defines Total Disability or Totally Disabled, in pertinent part, as follows:

> • *During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform the Main Duties of his or her Own Occupation.*
> • *After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.*

8.      Mr. Oyer suffers from multiple medical conditions and symptoms, including, but not limited to: emphysema, low back pain, spinal stenosis, shoulder pain with impingement syndrome, elbow epicondylitis, knee pain, joint pain, foot join derangement, cognitive issues, reduced tolerance levels, fatigue and/or weakness, and musculoskeletal breakdown.

9.     Mr. Oyer is unable to perform each of the main duties of any occupation which his training, education and experience will reasonably allow and thus, he is disabled under the terms of the long-term disability policy.

10.     Mr. Oyer was forced to discontinue working on May 9, 2013 due to his disabling conditions.

11.     In accordance with the procedures set forth by the long-term disability policy, Mr. Oyer notified Defendant that he was disabled.

12.     Defendant accepted liability and began paying disability benefits effective November 6, 2013.

13.     Defendant terminated Mr. Oyer's long-term disability benefits effective November 6, 2015. This was communicated in a letter dated December 11, 2015.

14.     Mr. Oyer timely appealed Defendant's decision to deny his long-term disability benefits by letter dated June 3, 2016.

15.     In his appeal, Mr. Oyer included a June 20, 2016 Functional Capacity Evaluation ("FCE") administered by Timothy Golub, DPT. Mr. Golub determined, *inter alia*, that Mr. Oyer is unable to perform at any physical demand level and unable to perform any lifting.

16.     Defendant denied Mr. Oyer's appeal for long-term disability benefits, by letter dated August 4, 2016 in part because "validity testing measures were not identified and there were no clinical abnormalities documented within the functional capacity evaluation."

17.     Mr. Oyer timely submitted a second level appeal of Defendant's decision to deny his long-term disability benefits by letter dated November 17, 2016.

18.     In his second appeal, Mr. Oyer submitted to a second FCE on October 27, 2016 administered by Krishna Kalidindi, PT. Mr. Kalidindi determined Mr. Oyer is "unable to function

fully at any physical demand level due to poor sit, stand, and walk tolerances". This FCE included validity testing and clinical abnormalities were observed during the examination.

19.     Defendant denied Mr. Oyer's second level appeal for long-term disability benefits, by letter dated December 13, 2016.

20.     Mr. Oyer exhausted his appeals under ERISA.

21.     In terminating Mr. Oyer's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

22.     The termination of Mr. Oyer's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

23.     The termination of Mr. Oyer's disability benefits breached the fiduciary duties owed to Mr. Oyer under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Oyer as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein and says further that:

24.     Plaintiff continues to suffer from a disability, as defined in the long-term disability policy issued by Defendant.

25.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

26.     Plaintiff is entitled to the benefits identified herein because:

        a.   the benefits are permitted benefits under the policy;

    b.  Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.  Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

27.    Plaintiff has complied with all provisions and conditions prior to filing suit.

28.    Defendant has refused to pay the benefits sought by Mr. Oyer, ignoring the medical records and clear opinions of his physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 28 as if fully stated herein and says further that:

29.    To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 29 as if fully stated herein and says further that:

30.    As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

31.    Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

32.    Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, John Oyer, prays for a judgment against Defendant for the relief

as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this **30th** day of January, 2017.*

BY: *s/ Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
Nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
Eddie@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd.
Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, John Oyer*